HINKLE *v.* DOWD, WARDEN.

[No. 28,062.   Filed December 28, 1944.]

*Joe Hinkle,* of Michigan City, *pro se.*

*James A. Emmert,* Attorney General, *Frank Hamil-*

*ton*, First Deputy Attorney General, and *Frank E. Coughlin*, Deputy Attorney General, for appellee.

SWAIM, J.—This appeal presents the question as to whether the appellant, an inmate of the Indiana State Prison, was entitled to be discharged under the provisions of the Good Time Law, ch. 164, Acts of 1933, p. 858, § 13-116, Burns' 1933, (1942 Replacement), § 13560, Baldwin's 1934.

On May 4, 1934, appellant was convicted of the crime of forgery and sentenced to an indeterminate term of two to fourteen years. It is his contention that since he has a clear record the Good Time Law applies and that he should have been discharged after serving nine years.

His contentions on this question were presented by a petition for a writ of *habeas corpus* filed in the LaPorte Circuit Court. The petition presented the question of whether he had satisfied his judgment of conviction. This was not an attack on the validity of the judgment of the Grant Circuit Court based on an alleged error in the proceedings in that court. The appellant's petition recognized the validity of the judgment but insisted that he had served the term imposed thereby. The LaPorte Circuit Court had jurisdiction to determine this question in the *habeas corpus* proceeding. *People* v. *Eller* (1926), 323 Ill. 28, 153, N. E. 597.

In its order the LaPorte Circuit Court stated, however, that the facts alleged in appellant's petition "were not sufficient to justify the issuance of a writ of *habeas corpus*." We think this was correct. The Good Time Law does not apply to persons serving indeterminate sentences.

The title of the act reads "An Act concerning inmates at the Indiana State Prison, Indiana Reformatory

and Indiana Woman's Prison, and providing a diminution of time for good behavior for all inmates serving determinate sentences therein."

Section 1 of the act provides "That every inmate who is now or hereafter may be confined in the Indiana State Prison . . . for a determinate term of imprisonment," and who complies with the conditions of the law shall be entitled to diminution of time from his sentence pursuant to the table set out in said act.

There can be no question about the meaning of the word "determinate" when used as in this act. For many years prior to the passage of the Good Time Law of 1933, both the courts and the legislature of this State had uniformly used the word "determinate" in connection with a term of imprisonment as signifying a definite or certain number of years fixed by the court. In 1927 the legislature provided that any male person, thirty years of age or over, found guilty of a felony, other than treason or murder, should be sentenced by the court "for an indeterminate period, stating in such sentence the maximum and minimum limits thereof, as such maximum and minimum limits of time for the punishment of such offense are now or may hereafter be prescribed by law. . . ." This type of sentence was to be imposed by the court "instead of pronouncing against such defendant a definite term of imprisonment." Thus the legislature expressly defined "indeterminate" as opposed to "determinate." Section 9-1821, Burns' 1933, (1942) Replacement), § 2294, Baldwin's 1934. To the same effect see Acts of 1897, ch. 43, p. 219, where the same distinction was made.

By the express limitation of the provisions of the 1933 Good Time Law to persons serving "determinate" sentences, the appellant and all others serving inde-

terminate sentences were excluded from the benefits of the act. The maximum time under appellant's indeterminate sentence could not be considered as a determinate sentence to which the 1933 Act applied.

Nor can it be said that the Act is unconstitutional as being an improper classification because it excluded those serving indeterminate sentences. The Act applied to all persons serving determinate sentences and for such persons served as an inducement for good behavior. Under our statutes all persons convicted of committing certain crimes under the same conditions are given determinate sentences. *State* v. *Rardon* (1943), 221 Ind. 154, 46 N. E. (2d) 605. Another method is provided for rewarding good behavior of prisoners serving indeterminate sentences. Sections 13-246, 13-247, 13-248 and 13-252, Burns' 1933, §§ 13544, 13545, 13546 and 13550, Baldwin's 1934, Acts of 1897, ch. 143, § 5, p. 219.

We find no reversible error in the action of the La-Porte Circuit Court. The judgment is affirmed.

Note.—Reported in 58 N. E. (2d) 342.