**Omer YOUNG, Jr., Appellant,**

v.

**Jack DUCKWORTH, Warden, Appellee.**

**No. PS 436.**

Supreme Court of Indiana.

Sept. 3, 1980.

Omer Young, Jr., pro se.

Theodore L. Sendak, Atty. Gen., Kermit R. Hilles, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On December 19, 1977, appellant-petitioner Omer Young, Jr., filed a *pro se* petition for a writ of habeas corpus in the LaPorte Circuit Court. This petition alleged that Young had been denied due process by the Indiana Parole Board when it denied him parole on October 7, 1976, April 6, 1977, and October 6, 1977. He also asserted that he should have a right to appeal an adverse decision of the Parole Board. The LaPorte Circuit Court denied this petition without a hearing on March 6, 1978. Acting *pro se*, Young began the prosecution of an appeal from the LaPorte Circuit Court's ruling. This case was docketed by the Clerk of this Court as PS 417.

While PS 417 was pending before this Court, Young renewed his attempts to obtain parole. The Parole Board denied him parole on October 5, 1978, and July 10, 1979. Young then filed another *pro se* petition for a writ of habeas corpus in LaPorte Circuit Court on July 17, 1979. The court summar-

ily denied this petition on the following day, July 18. Young then began the process of appealing the denial of this petition as well. The appeal from this second denial of a writ of habeas corpus was docketed by the Clerk of this Court as PS 436.

Before PS 436 was transmitted to this Court by the Clerk, PS 417 was decided. This Court handed down a written opinion affirming the trial court on September 12, 1979. *See Young v. Duckworth,* (1979) Ind., 394 N.E.2d 123. On October 4, 1979, Young was denied parole a sixth time by the Parole Board. Appellant Young's petition for rehearing to this Court concerning PS 417 was denied on November 8, 1979. Thus, with full knowledge of this Court's decision in PS 417, on November 23, 1979, appellant Young filed his brief in PS 436, and this case was transmitted to this Court on July 16, 1980.

We hold the LaPorte Circuit Court properly denied appellant's petition for a writ of habeas corpus. Young alleged in his petition that he had been denied due process of law and equal protection during his appearances before the Parole Board. He also asserted that he should have a right to appeal from an adverse decision by the Parole Board. We have held that a person who has been denied parole has no such appeal right based on the merits of the denial. *Young v. Duckworth,* (PS 417, 1979) Ind., 394 N.E.2d 123, 126. *See Hawkins v. Jenkins,* (1978) 268 Ind. 137, 143, 374 N.E.2d 496, 500. Just as we stated in PS 417, even if these claims were meritorious, a writ of habeas corpus would not be the *proper form of relief.*

"This Court has held that no court has jurisdiction to entertain a petition for a writ of habeas corpus unless it is alleged that the prisoner is entitled to immediate discharge. *See Hendrixson v. Lash,* (1972) 258 Ind. 550, 282 N.E.2d 792. A prisoner can only obtain a discharge through habeas corpus. He cannot obtain a modification of his commitment. *Shoemaker v. Dowd,* (1953), 232 Ind. 602, 115 N.E.2d 443."

*Hawkins v. Jenkins,* supra, 268 Ind. at 140, 374 N.E.2d at 498, quoted in *Young v.*

*Duckworth, supra,* Ind., 394 N.E.2d at 125. We went on to hold in Young's first appeal:

"It is obvious in this case that . . . the LaPorte Circuit Court . . . [did not have] jurisdiction to entertain a petition for a writ of habeas corpus inasmuch as petitioner was serving time under a proper commitment, his sentence had not expired and he had not been denied good time or credit time. He is not seeking a correction of the beginning or end of his sentence. He is merely asking for release. Since the record shows on its face that petitioner was not entitled to release, the Court properly denied the petition summarily and without a hearing."

*Young v. Duckworth, supra,* Ind., 394 N.E.2d at 125. Thus, even if we were to look to the merits of Young's claims *and* find constitutional error, Young would not be entitled to immediate discharge. At most, he would be entitled to a new parole hearing. For the reasons enumerated above and in PS 417, the court properly denied this petition for a writ of habeas corpus as well.

It is true that, in PS 417, we went on to give further treatment to those issues which petitioner had not waived as if they had been raised in a petition for post-conviction relief. This required overlooking the fact that, due to the length of Young's sentence, an appeal from a denial of post-conviction relief would properly be taken to the Court of Appeals. 394 N.E.2d at 125. Of course, to avoid further delay caused by a remand to the Court of Appeals, we must overlook this fact on this appeal as well. We held in PS 417 that petitioner likewise presented no post-conviction relief issue. 394 N.E.2d at 125–27. *See* Ind.R.P.C. 1, § 1. Just as in that appeal, petitioner now presents no challenge to the validity of his conviction or sentence. In both appeals, petitioner has merely attacked, by way of bald assertions, the procedure used by the Parole Board and the result the Board has reached several times in this case. We find no constitutional infirmity in the procedures used in parole hearings. *See* Ind. Code § 11–1–1–9 (Burns 1978 Supp.) (repealed effective October 1, 1980; current

version at § 11–13–3–3).  *See also Green-holtz v. Inmates of the Nebraska Penal and Correctional Complex*, (1979) 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668.

The judgment of the trial court denying appellant Young's petition for a writ of habeas corpus is affirmed.

All Justices concur.