## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 20 2016, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Olabisi Nard<br>Westville, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Andrea E. Rahman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Olabisi Nard,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Mark Sevier,<br>*Appellee-Defendant.* | May 20, 2016<br><br>Court of Appeals Case No.<br>46A04-1508-MI-1147<br><br>Appeal from the LaPorte Circuit Court<br><br>The Honorable Thomas Alevizos, Judge<br><br>Trial Court Cause No.<br>46C01-1507-MI-1325 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Olabisi Nard (Nard), appeals the trial court's denial of his petition for a writ of habeas corpus.

We affirm.

## ISSUE

Nard raises a single issue on appeal, which we restate as: Whether the trial court improperly denied his habeas corpus petition.

## FACTS AND PROCEDURAL HISTORY

On May 27, 2002, the State filed an Information, charging Nard with attempted murder. Nard was subsequently convicted and is currently serving a forty year sentence in Westville Correctional Facility, Indiana.[1] In 2015, Nard filed a verified petition for writ of habeas corpus arguing that confinement was in violation of his rights under the Fifth and Fourteenth Amendment of the United States Constitution because he was charged by information rather than being indicted by a grand jury. On July 16, 2015, the trial court denied Nard's habeas

---

[1] *See* Indiana Department of Correction Offender Database, http://www.in.gov/apps/indcorrection/ofs/ofs?lname=Nard&fname=Olabisi&search1.x=23&search1.y=11 (last visited Apr. 5, 2015).

corpus petition, holding that under Indiana Code section 35-34-1-1 the State may bring charges via indictment or information.

[5] Nard now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[6] Nard claims that the trial court erred in denying his petition for a writ of habeas corpus. Habeas corpus practice is a well-established but little-used remedy under Indiana law. *Partlow v. Superintendent, Miami Corr. Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001). Indiana Code section 34-25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint. *Partlow*, 756 N.E.2d 980. One is entitled to habeas corpus only if one is entitled to immediate release from unlawful custody. *Id*.

[7] On appeal, Nard argues that Indiana Code section 35-34-1-2(b)[2] violates the Fifth Amendment to the United States Constitution. Specifically, he argues that Indiana Code section 35-34-1-2(b) allows "prosecutors to discriminate against rich and poor citizens, wherein, the rich and political figures receive grand jury indictments [] yet, poor citizens receive no protections of the Fifth Amendments (sic)." (Appellant's Br. p. 2).

[8] We note that Indiana Code section 35-34-1-1 states: "[A]ll prosecutions of crimes shall be brought in the name of the state of Indiana. Any crime may be charged by indictment or information." Indiana Code section 35-34-1-2 then provides, in detail, the contents, necessary requirements, and form of an indictment or information. Subsection (b) states that an indictment shall be signed by the foreman or five members of the grand jury, and the prosecuting attorney. In contrast, the same subsection provides that an information shall be signed by the prosecuting attorney or his deputy and sworn to or affirmed by him or any other person.

---

[2] Throughout his appellate brief, Nard cites subsection (9)(b)(1)(2), but there is no subsection 9 in Indiana Code section 34-35-1-2. We assume that Nard is referring to subsection (b) under I.C. § 34-35-1-2, since that subsection was quoted in his appendix.

[9]     Nard maintains that prosecution by indictment protects an individual's Fifth Amendment right since prosecution is done by a "neutral body," a grand jury; whereas prosecution by information is done by "prosecutors [] who are not clearly [] neutral." (Appellant's Br. p. 5).

[10]    In *Beverly v. State*, 543 N.E.2d 1111, 1116 (Ind. 1989), our supreme court held that the federal constitutional provision requiring grand juries is not applicable to the states and the states may initiate criminal prosecutions by information. Therefore, the procedure by which Nard was charged has been deemed constitutional. The lack of review of charges by a grand jury does not show purposeful discrimination for purposes of establishing an equal protection claim. *See Townsend v. State*, 533 N.E.2d 1215, 1221-22 (Ind. 1989).

[11]    In light of the above, the trial court correctly denied Nard's habeas corpus petition since he was properly charged by information pursuant to Ind. Code § 35-34-1-1. As such, Nard is not being held illegally.

## CONCLUSION

[12]    Based on the foregoing, we conclude that the trial court properly denied Nard's habeas corpus petition.

[13]    Affirmed.

[14]    Najam, J. and May, J. concur