# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 29 2016, 8:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Ervin R. Hall
Wabash Valley Correctional Facility
Carlisle, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ervin R. Hall, | June 29, 2016 |
| *Appellant,* | Court of Appeals Case No. 77A05-1603-MI-588 |
| v. | Appeal from the Sullivan Circuit Court |
| Richard Brown, in his capacity as Superintendent of Wabash Valley Correctional Facility | The Honorable Robert E. Hunley II, Judge |
| *Appellee.* | The Honorable Robert E. Springer, Magistrate |
| | Trial Court Cause No. 77C01-1602-MI-098 |

**Pyle, Judge.**

# Statement of the Case

Ervin Hall ("Hall,"), who is incarcerated at the Wabash Valley Correctional Facility, appeals, pro se, the trial court's order denying his petition for writ of habeas corpus. Hall contends that his due process rights were violated when the Parole Board revoked his parole without a preliminary hearing. Concluding that Hall's habeas petition is tantamount to an unauthorized successive petition for post-conviction relief, we hold that the trial court properly denied his petition.

We affirm.

# Issue

Whether the trial court erred by summarily denying Hall's petition for habeas corpus.

# Facts

On February 6, 1992, a Lake County Superior Court sentenced Hall to a forty-two-year term for his Class B felony robbery conviction.[1] On February 15, 2016, Hall, who was incarcerated at the Wabash Valley Correctional Facility ("WVCF"), filed a pro se petition for a writ of state habeas corpus in the Sullivan Circuit Court. In his petition, Hall asserted that he was challenging

---

[1] According to the Indiana Department of Correction's website, Hall's earliest possible release date for his Class B felony robbery conviction is August 8, 2024. *See* Indiana Department of Corrections, Offender Data Indiana Department of Corrections, http://www.in.gov/apps/indcorrection/ofs/ofs (last visited June 15, 2016).

the WVCF Parole Board's January 11, 2016 decision to revoke his parole. Hall alleged that the WVCF had denied him due process "as well as [his] state right to procedural due process" under INDIANA CODE § 11-13-3-9 because he did not have a preliminary hearing. (App. 5). He further asserted that the WVCF Superintendent was "restraining [his] liberty" and that he should be "immediately . . . discharged from the custody of the superintendent after a hearing on his habeas petition." (App. 5).

[4]     Three days later, on February 18, 2016, and before counsel for the WVCF Superintendent filed an appearance, the trial court issued an order summarily denying Hall's petition without providing its reasoning for the denial. Thereafter, Hall filed a motion to reconsider, in which he alleged that the court had "insufficient 'particulars' before it to make an informed decision." (App. 8). Hall also filed a memorandum explaining the procedural history surrounding his parole revocation and further explaining his due process challenge regarding the Parole Board's failure to hold a preliminary hearing.[2] Hall also filed an affidavit in support thereof. The trial court denied Hall's motion to reconsider. Hall now appeals.

---

[2] Hall acknowledged that he signed a "Waiver of Preliminary Hearing" form but asserted that a parole agent, not Hall, initialed the part of the form indicating that he had waived the preliminary hearing.

# Decision

Before we discuss Hall's argument, we note that no appellee's brief has been filed in this appeal.[3] When an appellee fails to submit an appellate brief, "we need not undertake the burden of developing an argument on the appellee's behalf." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014) (quoting *Trinity Homes, LLC v. Fung*, 848 N.E.2d 1065, 1068 (Ind. 2006)). Rather, "'we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error.'" *Id.* (quoting *Trinity Homes*, 848 N.E.2d at 1068). "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Id.* (internal quotation marks and citation omitted).

Hall claims that the trial court erred in denying his petition for a writ of habeas corpus. INDIANA CODE § 34-25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint." *Partlow v. Superintendent, Miami Corr. Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818 (Ind. Ct. App. 2008). A defendant is entitled to a

---

[3] The State filed a "Notice of Non-Involvement," noting that it was not a party to this appeal and did not file a brief on behalf of the Appellee because the trial court summarily dismissed Hall's petition before it could enter an appearance for Brown. (State's Notice at 1-2).

writ of habeas corpus only if he or she is unlawfully detained and is entitled to *immediate* release. *Benford v. Marvel*, 842 N.E.2d 826, 828 (Ind. Ct. App. 2006) (emphasis added).

[7] When challenging the trial court's denial of his habeas petition, Hall focuses on his argument that the Parole Board erred by revoking his parole. As he did in his motion to reconsider, he sets forth factual arguments about the validity of his preliminary hearing waiver form and whether he was denied due process. The trial court, which entered a general denial, did not specifically address the merits of his argument and neither will we. Instead, we will address the procedural posture of the case, which reveals that his petition should have been treated as a petition for post-conviction relief and that it was properly denied because it was an unauthorized successive petition.

[8] Our Court has explained how trial courts should differentiate and treat a state habeas petition and a post-conviction petition:

> Jurisdiction over writs of habeas corpus is traditionally with the court in the county where the petitioner is incarcerated, Ind. Code § 34-25.5-2-2 (1998), whereas petitions for post-conviction relief must be filed in the conviction court, Ind. Post-Conviction Rule 1(2). However, when a petitioner filed what is captioned a petition for writ of habeas with the court in the county of incarceration but the trial court deems it to be a post-conviction relief petition *and* the petitioner is attacking the validity of the conviction, the court where it was filed must transfer the petition to the conviction court. Ind. Post-Conviction Rule 1(1)(c). But, if the petitioner erroneously files a writ of habeas corpus that should be a post-conviction relief petition because it does not allege that the petitioner's remedy is immediate discharge (and it

does not attack the validity of the conviction), such a petition may remain in the court in the county of incarceration. *See Hawkins v. Jenkins*, 374 N.E.2d 496, 498 (Ind. 1978).

*Partlow,* 756 N.E.2d at 980.

[9] Here, Hall was sentenced to forty-two years in 1992. Looking at the merits of Hall's habeas petition, it is clear that Hall is not claiming that he is entitled to be immediately released because his sentence has fully expired. Instead, Hall claims that his parole was improperly revoked. Thus, Hall's petition should have been treated as one for post-conviction relief. *See* Ind. Post-Conviction Rule 1(1)(a)(5) ("Any person who has been convicted of, or sentenced for, a crime by the court of this state and who claims . . . that his sentence has expired, his probation, *parole, or* conditional release *unlawfully revoked*, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief.") (*emphasis added*). *See also Hardley v. State*, 893 N.E.2d 740 (Ind. Ct. App. 2008) (holding that a petition for writ of habeas corpus – in which a petitioner claimed his parole was improperly revoked – should have been treated as a petition for post-conviction relief). For the reasons stated above, Hall has not chosen the proper vehicle for the relief he is seeking.

[10] While the trial court's order does not reveal if it treated Hall's petition as a post-conviction petition, the trial court, nevertheless, correctly denied the petition because it was tantamount to an unauthorized successive petition for post-conviction relief. Our Court's docket reveals that on five occasions, Hall has

sought and has been denied permission by our court to file a successive petition for post-conviction relief in his underlying criminal conviction cause from Lake County. This suggests that Hall has already filed a petition for post-conviction relief. Our Indiana Supreme Court has explained that when a petitioner's post-conviction "petition is not the first for post-conviction relief a petitioner has filed, that petitioner must follow the procedure outlined in P-C.R. 1(12) for filing successive petitions." *Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008). Under Post-Conviction Rule 1(12), a petitioner must file, with the Clerk of the Indiana Supreme Court and Indiana Court of Appeals, a petition seeking permission to file a successive post-conviction petition as well as a proposed successive petition for post-conviction relief. *See* P-C.R. 1(12)(a). This Court will authorize the filing of a successive post-conviction petition, if a petitioner establishes a "reasonable probability that [he] is entitled to post-conviction relief." *See* P-C.R. 1(12)(b). Hall did not file a petition seeking to file a successive post-conviction petition to challenge his parole revocation. Thus, upon receiving Hall's habeas corpus petition and assumingly treating it a post-conviction petition, the trial court properly denied Hall's petition because it was an unauthorized successive petition. *See State ex rel. Woodford v. Marion Superior Court*, 655 N.E.2d 63, 66 (Ind. 1995) (affirming the trial court's dismissal of a successive post-conviction petition where the petitioner had not been given permission to file the petition). Accordingly, we affirm the trial court's denial of Hall's petition.

[11]

Affirmed.

Kirsch, J., and Riley, J., concur.