## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 20 2017, 8:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John Chupp
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Chupp, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Wendy Knight, Superintendent of Correctional Industrial Facility, <br> *Appellee-Respondent* | July 20, 2017 <br><br> Court of Appeals Case No. 48A04-1610-MI-2381 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Mark Dudley, Judge <br><br> Trial Court Cause No. 48C06-1607-MI-505 |

**Altice, Judge.**

**Case Summary**

[1] John Chupp, pro se, appeals the dismissal of his Petitions for Writ of Habeas Corpus. Chupp presents four issues for our review, which we consolidate and restate as: Did the trial court err in dismissing Chupp's request for habeas relief?

[2] We affirm.

## Facts & Procedural History

[3] Chupp is currently incarcerated in the Indiana Department of Correction for crimes he committed in 1982. A jury found Chupp guilty of Class A felony burglary, Class A felony robbery, and Class B felony criminal confinement for his involvement, along with two others, in breaking into a woman's home in Southport, robbing her, tying her up, and sexually assaulting her. Chupp received an aggregate sentence of seventy years. Our Supreme Court affirmed Chupp's convictions and sentence on direct appeal. *See Chupp v. State*, 509 N.E.2d 835 (Ind. 1987).

[4] On July 21, 2016, Chupp filed a Verified Petition for Writ of Habeas Corpus (Petition). As the basis for his Petition, Chupp asserted that his detention is illegal "because the State is denying [him] a transfer to the STOP program where [he] can gain his release" and "that the DOC has not answered any of [his] classification appeals of matter dealing with the matter discussed in this petition [i.e., his transfer to a different program/facility]." *Appellant's Appendix* at 7-8. On August 22, 2016, Chupp filed a second Petition for Writ of Habeas

Corpus. In this second petition, Chupp claimed that he was being illegally detained because:

> a. I am being kept at CIF without any medical attention at all
>
> b. I am in need of medication and surgery and for 3 months this facilities [sic] doctor and medical have refused to see me
>
> c. I won a grievance to see the doctor here and I am still being denied medical attention by medical here
>
> d. Need to be handle [sic] by a doctor

*Id.* at 21.

On August 31, 2016, the State, on behalf of Wendy Knight, Superintendent of Correctional Industrial Facility, filed a motion to dismiss Chupp's Petition pursuant to Ind. Trial Rule 12(B)(1), asserting that the court was without subject matter jurisdiction because Chupp was not challenging the lawfulness of his detention or even claiming that he was entitled to immediate release. On September 9, 2016, the trial court granted the State's motion to dismiss. The court explained:

> [The State]'s Motion addresses [Chupp]'s original Petition[]; it did not address the Amended Petition[] filed on August 22, 2016. The court grants the motion despite this oversight because neither Petition claims that the State wrongly detained [Chupp]. [Chupp] alleges the State refused his facility placement request and that the State refused his request for medical care. Neither allegation implicates a wrongful detention.

*Id*. at 29.

[6] On September 12, 2016, Chupp filed a Motion for Default Judgment on the basis that the State had not responded to his claim in paragraph 4(b) of his Petition "that the DOC has not answered any of [his] classification appeals . . . ." *Appellant's Appendix* at 7-8. The trial court denied this motion, noting that it had already granted the State's motion to dismiss. Chupp next filed a Motion to Correct Error, in which he alleged that "the State ha[d] not answered his classification appeals on educational time cuts which is what this petition is now all about." *Id*. at 33. Two days later, the trial court denied Chupp's motion to correct error. Chupp now appeals.

### Discussion & Decision

[7] The purpose of a writ of habeas corpus is to determine the lawfulness of custody or detention of the defendant and may not be used to determine collateral matters not affecting the custody process. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008). A defendant is entitled to a writ of habeas corpus if he is unlawfully incarcerated and is entitled to immediate release. *Id*.; *see also* Ind. Code § 34-25.5-1-1. Generally, we review the trial court's habeas decision for an abuse of discretion. *Id*. Where, however, the trial court dismisses the action pursuant to Ind. Trial Rule 12(B)(1) for lack of subject matter jurisdiction based only on a paper record, our review is de novo. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001).

[8] In his Petition, Chupp claimed that he was entitled to habeas relief because the (1) the State denied him a transfer to a different facility and (2) the State had not addressed "classification appeals of matter dealing with the matter discussed in this petition [i.e., his transfer to a different facility]." *Appellant's Appendix* at 8. In his Amended Petition, Chupp alleged that he was being denied needed medical care. His only statement that he is entitled to immediate release is found in the form language of the document Chupp filled out. As found by the trial court, Chupp's specific allegations in his Petition and Amended Petition do not address his restraint, why it is illegal, or why he is entitled to immediate release.

[9] As our Supreme Court has found, a trial court "does not have 'jurisdiction to entertain a petition for a writ of habeas corpus inasmuch as petitioner [is] serving time under a proper commitment, his sentence [has] not expired and he [has] not been denied good time or credit time." *Partlow v. Superintendent, Miami Correctional Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818 (Ind. Ct. App. 2008), *trans. denied*. In other words, "[o]ne is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Id*. (quoting *Hawkins v. Jenkins*, 268 Ind. 137, 139, 374 N.E.2d 496, 498 (1978)). Having asserted no basis for immediate release, we conclude that the trial court did not err in dismissing Chupp's request for habeas relief.

[10] Judgment affirmed.

Kirsch, J. and Mathias, J., concur.