## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 24 2019, 6:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Terry J. Morgan
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Patricia C. McMath
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terry J. Morgan, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | June 24, 2019 <br><br> Court of Appeals Case No. 18A-MI-1762 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Angela Warner Sims, Judge <br><br> The Honorable Kevin M. Eads, Magistrate <br><br> Trial Court Cause No. 48C01-1801-MI-14 |

**Mathias, Judge.**

[1] Terry J. Morgan ("Morgan") appeals the Madison Superior Court's denial of his petition for habeas corpus following the Parole Board's determination that he had violated his parole.

[2] Morgan presents two issues for our review, which we restate as:

  1. Whether the trial court committed error by considering his petition for habeas corpus as a petition for post-conviction relief; and,

  2. Whether the trial court committed error by granting the State's Motion for Summary Disposition.

[3] We affirm.

## Facts and Procedural History

[4] In August 2004, Morgan was convicted of Robbery Resulting in Bodily Injury in Vigo County, Indiana. As a result, he was sentenced to twenty years of incarceration, with credit time for 192 days served in the Vigo County Jail in addition to 1:1 good credit time for a total of 384 days. He was mandatorily paroled on February 16, 2016. A warrant for parole violation was issued four months later, on June 28, 2019, and served the next day.

[5] On July 6, 2019, Morgan signed a waiver of preliminary hearing and pleaded guilty to violating two conditions of his parole. He admitted to violating Rule 5B which prohibited "[u]sing, possessing, or trafficking illegally in a controlled substance" after testing positive for cocaine and marijuana. Appellant's App. p. 98. He also admitted to violating Rule 10, which provided that he would

"abide by any special conditions imposed by the Indiana Parole Board, which have been reduced to writing and included as a condition of my parole" when he failed to report for a substance abuse appointment, complete a substance abuse evaluation, and attend substance abuse treatment. *Id.*

[6] After he was re-incarcerated, Morgan filed a habeas petition claiming that he was unlawfully detained because he was not informed that substance abuse evaluations and treatment classes were conditions of his parole. The State then filed a Motion for Summary Disposition, arguing that Morgan's incarceration was not unlawful because he pleaded guilty to these parole violations. The trial court granted the State's motion on November 16, 2018. Morgan now appeals.

## Discussion and Decision

[7] Indiana Code section 34 -25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint." *Partlow v. Superintendent, Miami Corr. Facility,* 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds.* "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Id.*

[8] "While on parole the parolee remains in legal custody because, although parole is an amelioration of punishment it is, in legal effect, still imprisonment." *Page v. State*, 517 N.E.2d 427, 430 (Ind. Ct. App. 1988), *trans. denied*.

[9] We review the grant of a motion for summary disposition in post-conviction proceedings the same way we would a motion for summary judgment. *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008). We review a trial court's habeas decision for an abuse of discretion. *Benford v. Marvel*, 842 N.E.2d 826, 828 (Ind. Ct. App. 2006). Without reweighing the evidence this court considers only that evidence most favorable to the judgment and reasonable inferences drawn therefrom. *Id.*

[10] Morgan initially argues that it was error for the trial court to consider his petition as a petition for post-conviction relief as opposed to a petition for habeas corpus. A petitioner should file a petition for post-conviction relief instead of a petition for a writ of habeas corpus when he claims his parole was improperly revoked, unless he is claiming that he is entitled to immediate release. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008); *Hale v. Butts*, 88 N.E.3d 211, 214 (Ind. Ct. App. 2017). However, "if a petitioner erroneously captions his action as petition for a writ of habeas corpus rather than post-conviction relief, courts will frequently and properly treat the petition as one for post-conviction relief, based on the content of the petition, rather than the caption. *Partlow*, 756 N.E.2d at 980 (citing *Hawkins v. Jenkins*, 374 N.E.2d 496, 498 (Ind. 1978)). Because Morgan asks us to decide the merits of his case, we need not decide whether the trial court properly determined that Morgan's

petition requested post-conviction relief. *See Partlow*, 756 N.E.2d at 981 (deciding habeas corpus petition on the merits despite trial court's misclassification of the petition as one for post-conviction relief). Thus, we address the merits of the matter.

[11] Morgan argues that he was not provided notice that he was required to attend a substance abuse evaluation and classes.[1] He admits the substance abuse recommendation "had been verbally communicated to Morgan by his parole agent." Appellant's Br. at 9. He also admits the "agents of Community Outreach Network Services were attempting to contacting [sic] him[.]" Appellant's Br. at 8. Regardless, Morgan signed a waiver of preliminary hearing in which he pleaded guilty to violations of his parole agreement, including the violation of which he presently complains he did not have proper notice. Appellant's App. p. 99. Because he admitted to the violation of which he complains he did not have proper notice, in addition to testing positive for cocaine and marijuana, we find this argument unavailing.

## Conclusion

[12] Because Morgan pleaded guilty to both violations of his parole, he is not unlawfully incarcerated. Additionally, because Morgan asks us to address the merits of this matter concerning his parole, we consider his pleading as a

---

[1] Morgan also argues that the warrant was issued without probable cause. Notwithstanding the fact that he tested positive for cocaine and marijuana, he first raises this issue on appeal, and therefore this argument is waived.

petition for post-conviction relief. We affirm the trial court's granting of the State's Motion for Summary Disposition.

[13]     Affirmed.

Vaidik, C.J., and Crone, J., concur.