## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 07 2020, 8:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Carl McCormack
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carl McCormack,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 7, 2020<br><br>Court of Appeals Case No.<br>20A-CR-778<br><br>Appeal from the Brown Circuit<br>Court<br><br>The Honorable Mary Wertz, Judge<br><br>Trial Court Cause No.<br>07C01-1705-F6-290 |

**Mathias, Judge.**

[1] Following a jury trial in Brown Circuit Court, Carl McCormack ("McCormack") was convicted of Level 6 felony receiving stolen auto parts and determined to be an habitual offender. The trial court sentenced McCormack to

an aggregate term of four and one-half years of incarceration. McCormack appealed, claiming that there was insufficient evidence to support his conviction. We rejected this claim and affirmed McCormack's convictions. McCormack then filed a Verified Motion for Immediate Release, claiming that the trial court lacked subject matter jurisdiction. The trial court denied this motion, and McCormack appeals. On appeal, McCormack claims that the trial court erred in denying his motion for immediate release because the trial court lacked subject matter jurisdiction.

We affirm.

## Facts and Procedural History

The facts underlying McCormack's conviction were set forth in our opinion on McCormack's direct appeal as follows:

> [I]n May 2017, Chad Austin ("Austin") owned a gold 2005 Ford F350 pickup truck. Austin wanted to sell the truck, so he parked it at a location where it could be seen from a nearby road. Brown County Sheriff's Deputy Detective Brian Shrader ("Detective Shrader") often drove by the truck on his way to work. Knowing that there had been a recent rash of thefts involving larger Ford pickup trucks, which are more easily stolen due to the design of the door lock, Detective Shrader was concerned that Austin's truck would also be stolen.

> On May 24, 2017, Detective Shrader drove by where Austin's truck had been parked and noticed that it was no longer there. The following morning, one of Austin's employees, who had also noticed that the truck gone, asked Austin if he had sold the truck. Austin stated that he had not, and he telephoned the police to

report the theft. Detective Shrader learned of the report that the truck had been stolen and began to investigate.

Less than an hour after the vehicle had been reported as stolen, Detective Shrader and Deputy Austin Schonfield ("Deputy Schonfield") observed a truck matching Austin's at property on Hoover Road in Brown County. Detective Shrader watched as McCormack and three other individuals walked back and forth from the truck. The deputies called for backup and blocked the road leaving the property with their vehicles. As the officers approached the truck, McCormack and his companions "scurried" into the nearby woods. Tr. Vol. 2, p. 117. Detective Shrader soon located McCormack hiding under a bush. Also located were Joseph Patrick ("Patrick"), Scott Snyder ("Snyder"), and Tabitha McPeek ("McPeek"). The police took McCormack and the others into custody.

The police obtained a warrant to search the property, where they located five trucks, one of which—the one McCormack had been seen near—was Austin's stolen Ford F350. The lower portion of the truck had been spray-painted black, and the plastic covering the keyhole on the door had been punched out. The keyhole had been altered, and the mirrors, tires, and tailgate had been removed and replaced with parts from a white 2011 Ford F350 pickup truck found on the property. This white truck had been reported stolen as well, and its hood, bumpers, headlights, and doors had been removed, as had some of its interior components and engine parts. The wheels on the white F350 had been replaced with the wheels from Austin's gold F350.

Also found on the property was a Dodge Ram pickup truck that had been reported as stolen from Kentucky. When it was stolen, the Dodge was painted green, but it had been spray-painted black when the police recovered it at the Hoover Road property. Two other vehicles, which had not been reported as stolen, were also found on the property: a red Ford F150 pickup truck, owned by Patrick, and a white 1994 Dodge Dakota. McCormack was known to drive a white Dodge Dakota, and Patrick stated that he

had seen McCormack inside the white Dakota when he arrived. Inside the Dakota, the police found the white F350's doors, seat, and plastic interior panels. A basket containing cans of spray paint was found sitting on the top of the Dakota.

In custody, McCormack told the police that he had been working on the gold F350. Patrick stated that he helped McCormack and the others "dismantle" the white F350 and Austin's gold F350 [f]or several hours before the police arrived. Tr. Vol. 2, pp. 141, 152. McCormack's roommate, Laura Gillespie, testified that McCormack drove a white Dodge Dakota. She also stated that both she and McCormack knew Snyder to be a car thief before the current incident. McCormack also told the police he knew that Snyder had been known to steal vehicles. Ex. Vol., State's Ex. 63 at 2:34–2:38.

*McCormack v. State*, No. 19A-CR-159, 2019 WL 5198923, slip op. at 2–4 (Ind. Ct. App. Oct. 16, 2019).

[4] The State charged McCormack with one count of Level 6 felony receiving stolen auto parts and alleged that McCormack was an habitual offender. A three-day jury trial began on December 14, 2018. The jury found McCormack guilty as charged and found McCormack to be an habitual offender. The trial court sentenced McCormack on December 19, 2018, to an aggregate term of four and one-half years. McCormack appealed, challenging the sufficiency of the evidence supporting his conviction. We rejected his claims and affirmed the trial court. *Id.*, slip op. at 4.

[5] On February 25, 2020, McCormack filed a pro se Motion for Immediate Release, claiming that the trial court lacked subject matter jurisdiction. The trial

court denied this motion, which prompted McCormack to file a motion to correct error on March 30, 2020. The trial court denied the motion to correct error on April 21, 2020. McCormack now appeals.[1]

## Discussion and Decision

[6] McCormack claims that the trial court erred in denying his motion for immediate release. McCormack argues that he is entitled to release because his conviction was invalid. In addressing this argument, we first note that a collateral attack on a conviction generally must be made by way of a petition for post-conviction relief. *See Pirant v. State*, 119 N.E.3d 178, 182 (Ind. Ct. App. 2019) (affirming trial court's denial of defendant's Trial Rule 60(B) motion to vacate convictions because defendant was required to raise collateral challenges through post-conviction proceedings).

[7] Still, McCormack claims he is entitled to "immediate release," which could mean that his motion should have been treated as a petition for a writ of habeas corpus. Pursuant to Indiana Code section 34-25.5-1-1, "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." The purpose of the writ of habeas corpus is to bring a person in custody before the court for inquiry into the cause

---

[1] On May 21, 2020, McCormack filed a motion to expedite his appeal. The motions panel of this court issued an order denying this request on June 26, 2020.

of his restraint. *Martin v. State*, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009) (citing *Partlow v. Superintendent, Miami Corr. Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds*). A petitioner is entitled to habeas corpus only if he is entitled to immediate release from unlawful custody, and a petitioner may not file for a writ of habeas corpus to attack his conviction or sentence. *Id.* Instead, "when [a petitioner] attacks the validity of his conviction or sentence and/or does not allege that he is entitled to immediate discharge," he must file a petition for post-conviction relief. *Id.*

[8] Although McCormack's motion claims he is entitled to immediate release, and his motion asserts that he is not attacking the validity of his conviction, his argument contradicts this. McCormack claims that the trial court had no jurisdiction, that his conviction is thus void, and that he is therefore entitled to immediate release. In other words, despite his claims to the contrary, McCormack seeks to attack the validity of his conviction. This claim should be presented in a petition for post-conviction relief, not a motion for "immediate release." But even if we consider McCormack's argument on its merits, he would not prevail.

[9] McCormack contends that the probable cause affidavit supporting the charges against him was insufficient and fails to show that the crimes occurred in Brown County, which he argues means that the trial court lacked jurisdiction. This argument fails for several reasons. First, it is well settled that a probable cause affidavit is used solely to obtain an arrest warrant and is not necessary to charge a defendant. *Rhoton v. State*, 575 N.E.2d 1006, 1008 (Ind. Ct. App.

1991), *trans. denied*. A deficiency in a probable cause affidavit is not a ground for the dismissal of a charging information. *Engram v. State*, 893 N.E.2d 744, 747 (Ind. Ct. App. 2004), *trans. denied*. An invalid arrest does not affect a subsequent conviction. *Id.* Thus, even if the probable cause affidavit in the present case was problematic, it does not affect the validity of McCormack's conviction.

[10] Furthermore, there was ample evidence that the crime occurred in Brown County. As stated in our opinion in McCormack's direct appeal, Detective Shrader and Deputy Schonfield saw McCormack and three others at property on Hoover Road in Brown County. This property is also where the stolen items were located. McCormack claims that the trial court lacked jurisdiction because the probable cause affidavit indicated that the stolen items were from neighboring Bartholomew County and other Indiana counties. But this is beside the point; McCormack was in possession of the stolen items *in Brown County*. And even if venue could have been proper in another county, this does not affect the subject matter jurisdiction of the Brown Circuit Court, which is a court of general jurisdiction. *See Sims v. Beamer,* 757 N.E.2d 1021, 1025 (Ind. Ct. App. 2001) (noting that a change of venue has no effect upon the trial court's subject matter jurisdiction); Ind. Code § 33-28-1-2(a) (providing that circuit courts have original and concurrent jurisdiction in all criminal cases).

[11] For all of these reasons, we affirm the judgment of the trial court.

[12] Affirmed.

Bradford, C.J., and Najam, J., concur.