**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 20 2013, 5:32 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**WILLIAM TEMPLE**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM TEMPLE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1211-MI-533 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1209-MI-110

**September 20, 2013**

**MEMORANDUM DECISION ON REHEARING – NOT FOR PUBLICATION**

**NAJAM, Judge**

The State of Indiana has filed a petition for rehearing asking that we address an alleged error in our memorandum decision. See Temple v. State, No. 33A01-1211-MI-533 (Ind. Ct. App. 2013). We grant the State's petition for rehearing for the limited purpose of addressing a single issue, namely, whether the trial court may address Temple's petition for writ of habeas corpus (and treat it as a post-conviction petition) or whether the trial court must transfer the petition to the court where Temple was convicted and sentenced. Upon review, we agree with the State that the trial court may address Temple's petition and there is no need to transfer the matter to a different trial court.

The State is correct that our reliance on Martin v. State, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009), in our memorandum decision was misplaced. Again, the remedy for an unlawful revocation of parole is filing a petition for post-conviction relief. See Ind. Post-Conviction Rule 1.1(a)(5); Hardley v. State, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008). Consequently, rather than simply dismissing Temple's petition for writ of habeas corpus, the trial court should have treated it as a petition for post-conviction relief. See, e.g., Hawkins v. Jenkins, 268 Ind. 137, 374 N.E.2d 496, 499 (1978). And in Hawkins, our supreme court observed that where, as here,[1] a defendant does not challenge the validity of his conviction or sentence, there is no need to transfer a post-conviction petition to the trial court where the conviction or sentence was entered. Id. at 498. Thus, while we reverse the trial court's dismissal of Temple's petition for writ of habeas corpus and remand with instructions to consider his petition in accordance with Indiana Rule of Post-

---

[1] As we observed in our memorandum decision, Temple appears to challenge the sufficiency of the evidence supporting the revocation of his parole, and he appears to allege due process violations related to that proceeding.

2

Conviction Relief 1.1(a)(5), the trial court shall not transfer this matter to the Marion Superior Court.  In all other respects, we affirm our memorandum decision.

Affirmed on rehearing.

BAILEY, J., and BARNES, J., concur.