

FILED

Mar 10 2017, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

James E. Manley
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James E. Manley,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Keith Butts,<br>*Appellee-Respondent.* | March 10, 2017<br><br>Court of Appeals Case No.<br>33A05-1608-MI-1865<br><br>Appeal from the Henry Circuit<br>Court<br><br>The Honorable Kit C. Dean Crane,<br>Judge<br><br>Trial Court Cause No.<br>33C02-1604-MI-37 |

**Pyle, Judge.**

## Statement of the Case

[1]     James E. Manley ("Manley"), pro se, appeals the Henry Circuit Court's order dismissing his petition for writ of state habeas corpus as an unauthorized successive petition for post-conviction relief. Manley contends that his petition

was not an unauthorized successive petition for post-conviction relief and that, even if it were, the Henry Circuit Court should have transferred it to his court of conviction in Monroe County. Because Manley's habeas petition is challenging the validity of his convictions and sentence and because Indiana Post-Conviction Rule 1(1)(c) requires that, under such circumstances, a trial court is required to transfer the petition to the court where the petitioner was convicted, we reverse the Henry Circuit Court's dismissal of Manley's petition and instruct the trial court to transfer the petition to Manley's conviction court, the Monroe Circuit Court, where it shall be treated as a post-conviction petition.[1]

We reverse and remand with instructions.

## Issue

Whether the trial court erred by dismissing Manley's state habeas corpus petition as an unauthorized successive petition for post-conviction relief.

## Facts

In 1997, Manley was convicted, in Monroe County, of two counts of Class A felony child molesting and two counts of Class B felony child molesting for acts committed against his daughter. The Monroe Circuit Court sentenced Manley

---

[1] Upon receiving Manley's habeas corpus petition and treating it as a post-conviction petition, Manley's conviction court, the Monroe Circuit Court, may apply Post-Conviction Rule 1(12), which governs successive petitions for post-conviction relief.

to an aggregate term of fifty-five (55) years in the Indiana Department of Correction.

[4] Thereafter, Manley filed a direct appeal, and this Court affirmed his convictions in a memorandum opinion in 1999. *See Manley v. State*, 53A04-9806-CR-333 (Ind. Ct. App. Feb. 18. 1999). He then appealed from the denial of his petition for post-conviction relief in 2001, and we affirmed that judgment as well. *See Manley v. State*, 53A01-0103-PC-107 (Ind. Ct. App. Aug. 28, 2001) (holding, in part, that Manley had waived his constitutional challenges to the child molesting statute because he had failed to raise the issue in a motion to dismiss prior to trial).

[5] In 2004 and again in 2006, Manley filed, with this Court, petitions seeking permission to file a successive post-conviction petition, and our Court denied both of his requests. In 2007, he appealed the trial court's denial of his motion to modify his sentence, and we affirmed the trial court's judgment. *See Manley v. State*, 868 N.E.2d 1175 (Ind. Ct. App. 2007), *trans. denied*.

[6] A few years later, in 2014, Manley appealed from the denial of a motion for relief from judgment that he had filed in the Monroe Circuit Court. After noting that Manley had already litigated a petition for post-conviction relief, that he had failed to follow the procedure set forth in Indiana Post-Conviction Rule 1(12), and that his motion equated to an unauthorized successive petition for post-conviction relief, we dismissed his appeal. *See Manley v. State*, No. 53A01-1407-CR-317 (Ind. Ct. App. Apr. 14, 2015), *trans. denied*, *cert. dismissed*.

[7] Subsequently, in December 2015, Manley filed, with this Court, a petition seeking permission to file a successive post-conviction petition. Our Court denied his request in February 2016.

[8] Thereafter, on April 11, 2016, Manley filed a pro se petition for writ of state habeas corpus in Henry Circuit Court, which is the county where he is incarcerated. In his petition, he argued, in part, that the child molesting statute was unconstitutional, that he did not have a fair and impartial judge or appellate tribunal, and that he was "erroneously sentenced[.]" (App. 9). In his memorandum attached to his habeas petition, Manley acknowledged that he had already had a post-conviction proceeding. Additionally, shortly after he filed his habeas petition, Manley sent a letter to the Henry Circuit Court. In his letter, Manley stated that the Henry Circuit Court could not transfer his motion to the Monroe Circuit Court under Post-Conviction Rule 1 because the Court of Appeals had already declined to authorize him to file a successive petition for post-conviction relief in February 2016.

[9] On May 20, 2016, the Henry Circuit Court directed the trial clerk to forward a copy of Manley's petition to the Indiana Attorney General's Office ("the Attorney General") and instructed the Attorney General to file a response within thirty days.

[10] When the Attorney General filed its response, it requested that the Henry Circuit Court dismiss Manley's petition, arguing that it was an unauthorized collateral attack on his convictions and sentence. The Attorney General

acknowledged that, under Post-Conviction Rule 1(1)(c), Manley's habeas petition challenging his convictions and sentence should be transferred to the conviction court and treated as a petition for post-conviction relief. The Attorney General also acknowledged that, upon such a transfer, the conviction court could dismiss Manley's petition because he did not have permission to file a successive post-conviction petition pursuant to Post-Conviction Rule 1(12). Nevertheless, the Attorney General argued that—given Manley's prior post-conviction petition and the repeated lack of authorization from the Court of Appeals to file a successive post-conviction petition—the Henry Circuit Court should dismiss Manley's petition because it was an unauthorized successive petition for post-conviction relief. In other words, the Attorney General argued that the Henry Circuit Court should disregard Post-Conviction Rule 1(1)(c) because "[t]ransferring the case would merely waste resources." (App. 32).

[11] On June 20, 2016, the Henry Circuit Court entered an order dismissing Manley's petition, concluding that the petition equated to an unauthorized successive petition for post-conviction relief.[2] Manley then filed a motion to correct error, which the Henry Circuit Court denied. Manley now appeals.

---

[2] As a secondary reason for dismissal, the Henry Circuit Court stated that the case was dismissed for lack of jurisdiction because it "lacked the jurisdiction to review the judgment of another trial court[.]" (App. 5).

# Decision

[12] Manley contends that the Henry Circuit Court erred by dismissing his petition for writ of state habeas corpus. Specifically, he contends that his petition was not an unauthorized successive petition for post-conviction relief. Alternatively, he asserts that, even if it were an unauthorized successive petition, the Henry Circuit Court should have transferred it to his court of conviction, the Monroe Circuit Court.

[13] INDIANA CODE § 34-25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint." *Partlow v. Superintendent, Miami Correctional Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818 (Ind. Ct. App. 2008), *trans. denied*. "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Id.* (quoting *Hawkins v. Jenkins*, 268 Ind. 137, 139, 374 N.E.2d 496, 498 (1978)). "[A] petitioner may not file a writ of habeas corpus to attack his conviction or sentence." *Id.* We review the trial court's habeas decision for an abuse of discretion. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008).

[14] Here, it is apparent from Manley's habeas petition, that he is challenging the validity of his convictions and sentence. However, "a petitioner may not file a

writ of habeas corpus to attack his conviction or sentence." *Partlow*, 756 N.E.2d at 980. Instead, a petitioner attacking the validity of his conviction or sentence must file a petition for post-conviction relief in the court of conviction and not in the court of incarceration. *Id.*

[15] However, where, as here, a petitioner files a habeas corpus petition challenging the validity of his conviction or sentence in the county of incarceration, Indiana Post-Conviction Rule 1(1)(c) provides that such habeas corpus petition is to be transferred to the court of conviction and then treated as a petition for post-conviction relief. Specifically, Indiana Post-Conviction Rule 1(1)(c) provides as follows:

> This Rule does not suspend the writ of habeas corpus, but if a person applies for a writ of habeas corpus in the county where the person is incarcerated and challenges the validity of his conviction or sentence, that court *shall* transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for relief under this Rule.

(Emphasis added).

[16] Thus, pursuant to Post-Conviction Rule 1(1)(c), the Henry Circuit Court was required to transfer Manley's petition to the conviction court, the Monroe Circuit Court. *See, e.g.*, *Miller v. Lowrance*, 629 N.E.2d 846, 847 (Ind. 1994) (explaining that a petitioner's habeas corpus petition challenging the validity of his conviction and sentence fell within the parameters of Post-Conviction Rule 1(1)(c), which required the trial court to transfer the petition to court where he was convicted and sentenced), *reh'g denied*; *Martin v. State*, 901 N.E.2d 645, 647

(Ind. Ct. App. 2009) (holding that the petitioner's habeas corpus petition that challenged his convictions and sentence was required to be transferred to the court where he was convicted and sentenced). *See also Lash v. Wright*, 287 N.E.2d 255, 258 (Ind. Ct. App. 1972) (explaining that transfer of a habeas petition under Post-Conviction Rule 1(1)(c) was "mandatory" and was to be done "without delay").

[17] The State acknowledges that Post-Conviction Rule 1(1)(c) "requires a mislabeled habeas petition to be transferred to the court of conviction[.]" (State's Br. 17). Nevertheless, the State contends that there is, in essence, an exception to Rule 1(1)(c) and that "transfer is required only when the petition is properly 'a petition for relief under' Post-Conviction Rule 1." (State's Br. 17). It asserts that Manley's petition—which was an unauthorized successive petition for post-conviction relief—was "by definition not 'a petition for relief under' Post-Conviction Rule 1" and, as a result, the Henry Circuit Court was not required to transfer the petition to the conviction court. (State's Br. 17).

[18] It seems that the State is putting the cart before the horse. The plain language of Post-Conviction Rule 1(1)(c) rule provides that a trial court, upon receiving a habeas petition challenging a conviction or sentence, "shall transfer the cause to the court in which the conviction took place[.]" P-C.R. 1(1)(c). Thereafter, when the conviction court receives the petition, that court "shall treat it as a petition for relief under [Post-Conviction Rule 1]." *Id.* Thus, it is up to the conviction court—not the habeas court—to apply Post-Conviction Rule 1(12) to the petition and make a determination of its applicability. *See Martin*, 901

N.E.2d at 647 n.2 (noting that, where the petitioner's habeas petition indicated that he had already filed a post-conviction petition, "the court where [the petitioner] was convicted and sentenced may ultimately determine that Ind. Post-Conviction Rule 1(12), which governs successive petitions for post-conviction relief, is applicable"). Accordingly, we reverse the Henry Circuit Court and remand with instructions to transfer Manley's petition to the Monroe Circuit Court.

[19] Reversed and remanded.[3]

Baker, J., and Mathias, J., concur.

---

[3] We decline to review Manley's arguments regarding the merits of his petition. We also decline the State's request to impose a $250 sanction and to impose filing restrictions.