## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2018, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

James E. Manley
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James E. Manley,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 26, 2018<br><br>Court of Appeals Case No.<br>18A-CR-725<br><br>Appeal from the Monroe Circuit<br>Court<br><br>The Honorable Marc R. Kellams,<br>Judge<br><br>Trial Court Cause No.<br>53C02-9702-CF-74 |

**Mathias, Judge.**

[1]     James E. Manley ("Manley") appeals the trial court's denial of his Trial Rule 60(B) Motion for Relief from Judgment filed on March 5, 2018 seeking relief

from a judgment of conviction on four counts of Child Molesting entered on November 26, 1997. He claims, as he has on prior occasions, that the child molestation statutes under which he was convicted are unconstitutional.

[2] We dismiss his appeal.

## Facts and Procedural History

[3] The facts of this matter are substantially similar to the facts in *Manley v. State*, Case No. 18A-CP-1149, also handed down on today's date. However, the facts as they are pertinent to this appeal are recited below.

[4] In 1997, Manley was convicted of two counts of Class A felony child molesting and two counts of Class B felony child molesting ("the criminal case"). The victim was his eight-year-old daughter. Manley was ordered to serve an aggregate fifty-five-year sentence in the Department of Correction. Manley's convictions were affirmed on direct appeal. *Manley v. State*, No. 53A04-9806-CR-333, 708 N.E.2d 928 (Ind. Ct. App. Feb. 18, 1999).

[5] Manley subsequently filed a petition for post-conviction relief raising eleven issues (the "post-conviction proceedings"), including the present claims that the statute defining the offense of child molesting is unconstitutional. After an evidentiary hearing was held, the post-conviction court denied his petition on February 13, 2001. Manley appealed the denial, and our court affirmed the post-conviction court in a memorandum decision dated August 28, 2001. *Manley v. State*, No. 53A01-0103-PC-107 (Ind. Ct. App. Aug. 28, 2001), *trans. denied*.

[6] Manley has continued to attempt to litigate the validity of his conviction and sentence over the last seventeen years. In 2004 and 2006, Manley sought permission from our court to file successive petitions for post-conviction relief. This court denied both requests. Also, in 2006, Manley filed a motion to modify his sentence. His motion was denied, and the trial court's ruling was affirmed on appeal. *See Manley v. State*, 868 N.E.2d 1175 (Ind. Ct. App. 2007), *trans. denied*.

[7] In 2014, Manley filed a motion for relief from judgment and motion for change of venue in his criminal case. In those motions, Manley alleged that "the child molesting statutes under which he was convicted are unconstitutionally overbroad, that he was privileged to engage in the sexual conduct at issue under the parental privilege to otherwise criminal acts, that material exculpatory information was withheld from him at trial, and that the trial court colluded with the State to withhold material evidence from him at trial[.]" *Manley v. State*, No. 53A01-1407-CR-317, 31 N.E.3d 1046, *1 (Ind. Ct. App. April 14, 2015), *trans. denied*. The trial court denied his motions. On appeal, our court concluded that "Manley's requests are collateral attacks of his convictions" and "have already been decided against him on prior appellate review." *Id.* at *1–2. Because Manley's motions were an impermissible attempt to litigate an unauthorized successive petition for post-conviction relief, our court dismissed his appeal. *Id.* at *2.

[8] In December 2015, Manley filed his third petition seeking permission to file a successive post-conviction petition. His request was denied in February 2016.

[9] Two months later, Manley filed a petition for writ of habeas corpus in Henry Circuit Court, which is the county where Manley is incarcerated.[1] In his petition, Manley continued to claim that the child molesting statute was unconstitutional, that he did not receive a fair trial from an impartial tribunal, and he was erroneously sentenced. Concluding that Manley's petition equated to an unauthorized successive petition for post-conviction relief, the Henry Circuit Court dismissed his petition rather than transferring the petition to Monroe Circuit Court pursuant to Post-Conviction Rule 1. *See Manley v. Keith Butts*, 71 N.E.3d 1153, 1155 (Ind. Ct. App. 2017), *trans. denied*. Our court agreed that Manley's petition was an improper challenge to the validity of his convictions and sentence. *Id.* at 1156. However, we concluded that the Henry Circuit Court was required to transfer the petition to the court of conviction, i.e. the Monroe Circuit Court, under Post-Conviction Rule 1(1)(c). Our court also observed that the conviction court, not the habeas court, must determine whether Post-Conviction Rule 1(12), which governs successive petitions for post-conviction relief, is applicable. *Id.* at 1157.

---

[1] Manley also filed a petition for habeas corpus in Henry Circuit Court alleging unlawful incarceration. *See Manley v. Keith Butts & Geo Group, Inc.*, No. 33A05-1509-MI-1502, 47 N.E.3d 664 (Ind. Ct. App. Feb. 10, 2016) (rejecting Manley's claim that New Castle Correctional Facility lacks legal authority to have custody over him because the facility is operated by a private corporation), *trans. denied*. In addition, Manley filed a complaint for declaratory judgment against the "Monroe County Prosecutor" alleging that the "trial court violated judicial canons by asserting an affirmative defense on behalf of the prosecutor. *Manley v. Monroe County Prosecutor*, No. 53A01-1402-MI-65, 16 N.E.3d 488 at *1 (Ind. Ct. App. July 15, 2014), *trans. denied*. Manley attempted to challenge the constitutionality of the child molesting statute in his complaint. The trial court denied Manley's motion, and the denial was affirmed on appeal. *Id.* at *1–2 (observing that Manley's complaint was an attempt to collaterally challenge his conviction and sentence).

[10] In his challenges to his Indiana convictions in the federal court system, Manley has accumulated at least three "strikes" under 28 U.S.C. § 1915(g), which provides that a court may not grant a prisoner leave to proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Manley v. Ind. Dep't of Correction*, 2018 WL 4352636 *1 (S.D. Ind. Sept. 12, 2018) (quoting 28 U.S.C. § 1915(g)).

[11] On May 29, 2018, Manley also filed a 60(B) motion in his post-conviction proceedings, in which he alleged that retired Judge E. Michael Hoff, the trial judge who presided over his post-conviction proceedings, was listed as an attorney for the State of Indiana on the case summary for the direct appeal in his criminal case. Manley claimed that therefore the judge should not have presided over his post-conviction petition and the 2001 judgment denying his petition for relief is void. The trial court denied Manley's 60(B) motion after noting that "Judge E. Michael Hoff was listed as an attorney for the State of Indiana in error." We also affirm the trial court's ruling in an opinion handed down on today's date. *See Manley v. State*, Case No. 18A-CP-1149, *Slip op. at 8.*

[12] In the instant matter, Manley appeals the denial of a Trial Rule 60(B) motion he filed in his criminal case on March 5, 2018. He claims his convictions are void.

In support of his motion, Manley continues to claim that the child molesting statutes under which he was convicted are unconstitutionally overbroad and that parental privilege allowed him to engage in the criminal sexual conduct for which he was convicted. In an argument that he did not raise in his Trial Rule 60(B) motion or its supporting memorandum, Manley also raises the argument on appeal that the convicting trial court could not exercise jurisdiction concurrent with a related child in need of services (CHINS) case.

## Discussion and Decision

[13] The doctrine of *res judicata,* whether in the form of claim preclusion or issue preclusion, "prevents the repetitious litigation of that which is essentially the same dispute." *State v. Holmes*, 728 N.E.2d 164, 168 (Ind. 2000). A petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error. *Maxey v. State*, 596 N.E.2d 908, 911 (Ind. Ct. App. 1992). Post-conviction proceedings do not afford criminal defendants the opportunity for a "super-appeal." *Bailey v. State*, 472 N.E.2d 1260, 1263 (Ind. 1985); *Langley v. State*, 267 N.E.2d 538, 544 (1971). As a general rule, when we decide an issue on direct appeal, the doctrine of *res judicata* applies, thereby precluding its review in post-conviction proceedings. *Lowery v. State*, 640 N.E.2d 1031, 1037 (Ind. 1994).

[14] An individual wishing to challenge a conviction and sentence collaterally may present this challenge in a post-conviction proceeding. *See* Ind. Post-Conviction Rule 1. A person who has already availed himself of one post-conviction

proceeding must follow specific procedures for requesting successive collateral review. The rule states

> [t]he court will authorize the filing of the petition if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief. In making this determination, the court may consider applicable law, the petition, and materials from the petitioner's prior appellate and post-conviction proceedings including the record, briefs and court decisions, and any other material the court deems relevant.

Ind. Post-Conviction Rule 1, Section 12; *Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008); *Lambert v. State*, 867 N.E.2d 134, 137 (Ind. 2007). Where a petitioner fails to obtain permission to file a successive petition as required by the rules, dismissal is appropriate. *State ex. rel. Woodford v. Marion Superior Court*, 655 N.E.2d 63, 66 (Ind. 1995) (affirming trial court order to dismiss successive post-conviction petition where petitioner did not obtain jurisdiction to entertain petition.)

[15] Indiana courts have already adjudicated Manley's present arguments on numerous occasions. In the memorandum submitted in support of his pleading styled as a 60(B) motion, Manley argues that the child molesting statutes under which he was convicted are unconstitutionally overbroad and his convictions are therefore void.[2] Manley has repeatedly, and unsuccessfully, made these

---

[2] Manley also raises the argument that the convicting criminal court could not exercise concurrent jurisdiction with the juvenile court in a related CHINS matter. Because he did not raise this issue in his

identical claims. He initially brought the claims in his petition for post-conviction relief. When his successive requests to file a request for post-conviction relief were not granted, he brought the same constitutional claims, also styled as a Trial Rule 60(B) motion, in 2015. Our court rejected this claim as an unauthorized successive petition for post-conviction relief. In the instant matter, Manley yet again filed a Trial Rule 60(B) motion with the trial court instead of seeking permission to file a successive petition for conviction relief.[3] Although framed as a motion for relief of judgment, Manley's current claims are another unauthorized collateral attack on his convictions.

[16]    We agree with the State that Manley is simply attempting to circumvent our court's prior orders denying his requests for authorization to file a successive post-conviction petition. Accordingly, we dismiss this appeal.

[17]    We also note that Indiana Constitution Article 1, Section 12, the open courts clause, provides that all courts shall be open and that a remedy is to be afforded according to the law. However, Manley does not have a right to engage in abusive litigation, and the state has a legitimate interest in the preservation of

---

pleading styled as a Trial Rule 60(B) motion, the argument is waived. *See Goodner v. State*, 685 N.E.2d 1058, 1060 (Ind. 1997); *State v. Delph*, 875 N.E.2d 416, 422 (Ind. Ct. App. 2007), *trans. denied*.

[3] We also note that the plain language of Trial Rule 60(B) requires that a motion for relief from judgment for the reason that judgment is void must be filed "within a reasonable time." Ind. Trial Rule 60(B)(6). The judgment which Manley challenges was entered over twenty years ago, in 1997. As discussed throughout, Manley also raises claims that have previously been unsuccessful in litigation in his 60(B) motion. Based on these facts, under an ordinary 60(B) analysis, we could not conclude that Manley filed the instant 60(B) motion "within a reasonable time."

valuable judicial and administrative resources. *See Zavodnik v. Harper*, 17 N.E.3d 259, 264 (Ind. 2014).

[18] In addition to the remedies for frivolous litigation discussed in *Zavodnik*, we observe that Indiana Code section 35-50-6-5(a)(4) provides that an inmate may be deprived of earned credit time "[i]f a court determines that a civil claim brought by the person in a state or administrative court is frivolous, unreasonable, or groundless."[4]

> [A] claim is frivolous if it is made primarily to harass or maliciously injure another, if the proponent is not able to make a good-faith and rational argument on the merits of the claim, or if the proponent cannot support the action by a good-faith and rational argument for extension, modification, or reversal of existing law. A claim is "unreasonable" if, considering the totality of the circumstances, no reasonable attorney would consider the claim justified or worthy of litigation. A claim is "groundless" if there are no facts that support the legal claim relied upon.

*Sumbry v. Boklund*, 836 N.E.2d 430, 431 (Ind. 2005).

[19] Manley's Trial Rule 60(B) motion filed in this case meets the definitions of frivolous, unreasonable and groundless claims. If Manley continues to file frivolous and groundless motions or petitions in an attempt to collaterally

---

[4] "Before a person may be deprived of educational credit or good time credit, the person much be granted a hearing to determine the person's guilt or innocence and, if found guilty, whether deprivation of earned educational credit or good time credit is an appropriate disciplinary action for the violation." Ind. Code § 35-50-6-5(b).

attack his convictions and sentence, we urge the trial court to consider the remedies discussed above. *See Love v. State,* 22 N.E.3d 663, 665 (Ind. Ct. App. 2014), *trans. denied*.

# Conclusion

[20] Manley's claims are collateral attacks on his convictions and are barred by *res judicata*. Moreover, because he failed to follow the proscribed appellate procedure for post-conviction relief, we dismiss this appeal.

[21] Dismissed.

Bailey, J., and Bradford, J., concur.