## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2018, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

James E. Manley
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James E. Manley,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 26, 2018

Court of Appeals Case No.
18A-CP-1149

Appeal from the Monroe Circuit Court

The Honorable Elizabeth A. Cure, Judge

Trial Court Cause No.
53C01-9810-CP-1461

**Mathias, Judge.**

[1]     James Manley ("Manley") has engaged in repeated attempts to challenge his 1997 child molesting conviction. In this case, Manley is appealing the denial of

a Trial Rule 60(B) motion in which he claimed that the 2001 order denying his petition for post-conviction relief is void. The trial court denied the motion, and we affirm.

## Facts and Procedural History

In 1997, Manley was convicted of two counts of Class A felony child molesting and two counts of Class B felony child molesting ("the criminal case"). The victim was his eight-year-old daughter. Manley was ordered to serve an aggregate fifty-five-year sentence in the Department of Correction. Manley's convictions were affirmed on direct appeal. *Manley v. State*, No. 53A04-9806-CR-333, 708 N.E.2d 928 (Ind. Ct. App. Feb. 18, 1999).

Manley subsequently filed a petition for post-conviction relief raising eleven issues (the "post-conviction proceedings"). After an evidentiary hearing was held, the post-conviction court denied his petition on February 13, 2001. Manley appealed the denial, and our court affirmed the post-conviction court in a memorandum decision dated August 28, 2001. *Manley v. State*, No. 53A01-0103-PC-107 (Ind. Ct. App. Aug. 28, 2001), *trans. denied*.

Manley has continued to attempt to litigate the validity of his conviction and sentence over the last seventeen years. In 2004 and 2006, Manley sought permission from our court to file successive petitions for post-conviction relief. This court denied both requests. Also, in 2006, Manley filed a motion to modify his sentence. His motion was denied, and the trial court's ruling was affirmed

on appeal. *See Manley v. State*, 868 N.E.2d 1175 (Ind. Ct. App. 2007), *trans. denied*.

[5]     In 2014, Manley filed a motion for relief from judgment and motion for change of venue in his criminal case. In those motions, Manley alleged that "the child molesting statutes under which he was convicted are unconstitutionally overbroad, that he was privileged to engage in the sexual conduct at issue under the parental privilege to otherwise criminal acts, that material exculpatory information was withheld from him at trial, and that the trial court colluded with the State to withhold material evidence from him at trial[.]" *Manley v. State*, No. 53A01-1407-CR-317, 31 N.E.3d 1046, *1 (Ind. Ct. App. April 14, 2015), *trans. denied*. The trial court denied his motions. On appeal, our court concluded that "Manley's requests are collateral attacks of his convictions" and "have already been decided against him on prior appellate review." *Id*. at *1–2. Because Manley's motions were an impermissible attempt to litigate an unauthorized successive petition for post-conviction relief, our court dismissed his appeal. *Id*. at *2.

[6]     In December 2015, Manley filed his third petition seeking permission to file a successive post-conviction petition. His request was denied in February 2016.

Two months later, Manley filed a petition for writ of habeas corpus in Henry Circuit Court, which is the county where Manley is incarcerated.[1] In his petition, Manley continued to claim that the child molesting statute was unconstitutional, that he did not receive a fair trial from an impartial tribunal, and that he was erroneously sentenced. Concluding that Manley's petition equated to an unauthorized successive petition for post-conviction relief, the Henry Circuit Court dismissed his petition rather than transferring the petition to Monroe Circuit Court pursuant to Post-Conviction Rule 1. *See Manley v. Butts*, 71 N.E.3d 1153, 1155 (Ind. Ct. App. 2017), *trans. denied*. Our court agreed that Manley's petition was an improper challenge to the validity of his convictions and sentence. *Id*. at 1156. However, we concluded that the Henry Circuit Court was required to transfer the petition to the court of conviction, i.e. the Monroe Circuit Court, under Post-Conviction Rule 1(1)(c). Our court also observed that the conviction court, not the habeas court, must determine whether Post-Conviction Rule 1(12), which governs successive petitions for post-conviction relief, is applicable. *Id*. at 1157.

---

[1] Manley also filed a petition for habeas corpus in Henry Circuit Court alleging unlawful incarceration. *See Manley v. Keith Butts and Geo Group, Inc.*, No. 33A05-1509-MI-1502, 47 N.E.3d 664 (Ind. Ct. App. Feb. 10, 2016) (rejecting Manley's claim that New Castle Correctional Facility lacks legal authority to have custody over him because the facility is operated by a private corporation), *trans. denied*. In addition, Manley filed a complaint for declaratory judgment against the "Monroe County Prosecutor" alleging that the "trial court violated judicial canons by asserting an affirmative defense on behalf of the prosecutor. *Manley v. Monroe County Prosecutor*, No. 53A01-1402-MI-65, 16 N.E.3d 488 at *1 (Ind. Ct. App. July 15, 2014), *trans. denied*. Manley attempted to challenge the constitutionality of the child molesting statute in his complaint. The trial court denied Manley's motion, and the denial was affirmed on appeal. *Id*. at *1–2 (observing that Manley's complaint was an attempt to collaterally challenge his conviction and sentence).

[8] In his challenges to his Indiana convictions in the federal court system, Manley has accumulated at least three "strikes" under 28 U.S.C. § 1915(g), which provides that a court may not grant a prisoner leave to proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Manley v. Ind. Dep't of Correction*, 2018 WL 4352636 *1 (S.D. Ind. Sept. 12, 2018) (quoting 28 U.S.C. § 1915(g)).

[9] This appeal arises from the trial court's denial of Manley's Trial Rule 60(B) motion filed in the post-conviction proceedings.[2] On May 29, 2018, Manley filed the motion, in which he alleges that retired Judge E. Michael Hoff, the trial judge who presided over his post-conviction proceedings, was listed as an attorney for the State of Indiana on the case summary for the direct appeal in his criminal case. Manley claims that therefore the judge should not have presided over his post-conviction petition and the 2001 judgment denying his petition for post-conviction relief is void. Appellant's App. p. 82.

---

[2] Manley has also appealed the denial of a Trial Rule 60(B) filed in his criminal case. *See Manley v. State,* 18A-CR-725. Today, our court dismissed Manley's appeal after concluding once again that he is impermissibly attempting to litigate an unauthorized successive petition for post-conviction relief.

[10] The trial court denied Manley's Trial Rule 60(B) motion after noting that "Judge E. Michael Hoff was listed as an attorney for the State of Indiana in error." *Id*. at 85. Manley now appeals.

## Discussion and Decision

[11] Manley continues to claim that retired Judge E. Michael Hoff lacked jurisdiction to preside over his post-conviction proceedings because he was listed as counsel for the State on Manley's direct appeal of his criminal case. Judge Hoff was a judge of Monroe Circuit Court from 1993 to 2016. Due to a clerical error, the judge was incorrectly listed as counsel for the State of Indiana on the chronological case summary for Manley's direct appeal of his 1997 child molesting convictions. Appellant's Supp. App. p. 3. This error has since been corrected. Appellant's App. p. 85.

[12] Manley's claim that Judge Hoff should have disqualified himself "to avoid the appearance of impropriety" lacks merit. *See* Appellant's Br. at 16. We therefore affirm the trial court's order denying Manley's Trial Rule 60(B) motion.[3]

---

[3] In his brief, Manley also argues that this court "improperly sua sponte applied the affirmative defense of waiver to Manley's challenge to the constitutionality of Indiana Code [section] 35-42-4-3(a)." Appellant's Br. at 18. His argument refers to our memorandum opinion affirming the denial of his petition for post-conviction relief. *Manley v. State*, No. 53A01-0103-PC-107 (Ind. Ct. App. Aug. 28, 2001), *trans. denied*. Manley could have properly raised this argument in a petition for rehearing pursuant to Appellate Rule 54 or a petition to transfer pursuant to Appellate Rule 57. He cannot now raise this argument for the first time in his brief on the appeal of the denial of his Trial Rule 60(B) motion. Therefore, we will not address the argument in this appeal.

[13]     Finally, we remind Manley that collateral attacks of his convictions and sentence are not permitted under Indiana law. *See e.g. Manley*, No. 53A01-1407-CR-317, 31 N.E.3d 1046, Slip op. at *2. And Manley cannot circumvent this rule by filing Trial Rule 60(B) motions in his criminal case and/or his post-conviction proceedings.

[14]     Indiana Constitution Article 1, Section 12, the open courts clause, provides that all courts shall be open and that a remedy is to be afforded according to the law. However, Manley does not have a right to engage in abusive litigation, and the state has a legitimate interest in the preservation of valuable judicial and administrative resources. *See Zavodnik v. Harper*, 17 N.E.3d 259, 264 (Ind. 2014).

[15]     In addition to the remedies for frivolous litigation discussed in *Zavodnik*, we observe that Indiana Code section 35-50-6-5(a)(4) provides that an inmate may be deprived of earned credit time "[i]f a court determines that a civil claim brought by the person in a state or administrative court is frivolous, unreasonable, or groundless."[4]

> [A] claim is frivolous if it is made primarily to harass or maliciously injure another, if the proponent is not able to make a good-faith and rational argument on the merits of the claim, or if the proponent cannot support the action by a good-faith and rational argument for extension, modification, or reversal of

---

[4] "Before a person may be deprived of educational credit or good time credit, the person must be granted a hearing to determine the person's guilt or innocence and, if found guilty, whether deprivation of earned educational credit or good time credit is an appropriate disciplinary action for the violation." Ind. Code § 35-50-6-5(b).

existing law. A claim is "unreasonable" if, considering the totality of the circumstances, no reasonable attorney would consider the claim justified or worthy of litigation. A claim is "groundless" if there are no facts that support the legal claim relied upon.

*Sumbry v. Boklund*, 836 N.E.2d 430, 431 (Ind. 2005).

[16] Manley's Trial Rule 60(B) motion filed in this case meets the definitions of frivolous, unreasonable and groundless claims. If Manley continues to file frivolous and groundless motions or petitions in an attempt to collaterally attack his convictions and sentence, we urge the trial court to consider the remedies discussed above. *See Love v. State*, 22 N.E.3d 663, 665 (Ind. Ct. App. 2014), *trans. denied*.

[17] Affirmed.

Bailey, J., and Bradford, J., concur.