## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 15 2019, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Larry D. Cameron
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine A. Cornelius
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry D. Cameron,

*Appellant-Petitioner,*

v.

Keith Butts,

*Appellee-Respondent.*

February 15, 2019

Court of Appeals Case No.
18A-MI-1499

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1710-MI-124

**Bradford, Judge.**

# Case Summary

[1] In May of 2006, Larry D. Cameron was convicted of two counts of Class A felony child molesting and one count of Class C felony child molesting in Lake County and sentenced to seventy-five years of incarceration. In October of 2017, Cameron petitioned for a writ of habeas corpus ("habeas petition") in Henry County, challenging the legality of his convictions and sentence. In May of 2018, the trial court dismissed said petition. Cameron contends that the trial court erred by dismissing his habeas petition. Because we disagree, we affirm.[1]

# Facts and Procedural History

[2] In May of 2006, Cameron was convicted of two counts of Class A felony child molesting and one count of Class C felony child molesting in Lake County under cause number 45G01-0502-FA-4 ("Cause No. FA-4"). The trial court sentenced Cameron to seventy-five years of incarceration. On April 9, 2007, Cameron's convictions and sentence were affirmed by the Court of Appeals. Cameron is currently imprisoned at the New Castle Correctional Facility in Henry County.

---

[1] Cameron has made a motion pursuant to Rule 60 of the Indiana Rules of Trial Procedure, which we do not have the authority to rule on. Therefore, Cameron's motion is denied.

[3] On October 11, 2017, Cameron filed a habeas petition in the Henry Circuit Court seeking relief in Cause No. FA-4.[2] Cameron alleged, *inter alia*, ineffective assistance of counsel, lack of an impartial trial court, denial of compulsory process, and violation of due process. On December 4, 2017, the Henry Circuit Court ordered the transfer of Cameron's habeas petition to the Lake Superior Court pursuant to the Rules of Procedure for Post-Conviction Remedies ("PCR rules"). On December 21, 2017, the Lake Superior Court refused jurisdiction, finding that Cameron's habeas petition was actually an attempt to obtain post-conviction relief ("PCR") by contesting the legality of the final judgment in Cause No. FA-4 and that the petition did not comply with the PCR rules. Cameron did not appeal the Lake Superior Court's denial or refile a complying petition for PCR. On April 23, 2018, Respondent moved to dismiss Cameron's habeas petition in Henry County, a motion which was granted by the Henry Circuit Court.

# Discussion and Decision

[4] Cameron contends that the Henry Circuit Court erroneously dismissed his habeas petition.

---

[2] Cameron seemingly argues on appeal that he was not seeking a writ of habeas corpus relief in Cause No. FA-4 but, rather, under cause number 45G01-0510-FD-115. However, the habeas petition filed and signed by Cameron stated in the second averment that he is being held in the Indiana Department of Correction for the offense of "Child Molesting (3) Counts 2(A) and 1(C) felonies under cause number 45G01-0502-FA-4." Moreover, the matter was litigated in both Henry and Lake counties as a habeas petition seeking relief under Cause No. FA-4.

INDIANA CODE § 34-25.5-1-1 provides that [e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal. The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint. One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody. [A] petitioner may not file a writ of habeas corpus to attack his conviction or sentence.

*Manley v. Butts*, 71 N.E.3d 1153, 1156–57 (Ind. Ct. App. 2017) (internal citations and quotations omitted), *trans. denied*. The Indiana Supreme Court has held that a trial court does not have "jurisdiction to entertain a petition for a writ of habeas corpus inasmuch as petitioner [is] serving time under a proper commitment, his sentence [has] not expired and he [has] not been denied good time or credit time, [and h]e is not seeking a correction of the beginning or the end of his sentence. He is merely asking for release." *Young v. Duckworth*, 408 N.E.2d 1253, 1254 (Ind. 1980). We review the trial court's disposition of a habeas petition for an abuse of discretion. *Manley*, 71 N.E.3d at 1157. We will not reweigh the evidence, and we consider only the evidence most favorable to the judgment and reasonable inferences drawn therefrom. *Benford v. Marvel*, 842 N.E.2d 826, 828 (Ind. Ct. App. 2006).

[5] In this matter, Cameron's habeas petition contained only allegations that attacked the legality of the final judgment in Cause No. FA-4. Cameron is not merely seeking release but, rather, attempting to overturn his convictions and sentence. While there are available avenues for which Cameron may pursue

such a claim, a habeas petition is not one of them. Therefore, Cameron has failed to establish that the Henry Circuit Court abused its discretion in dismissing his habeas petition.

[6] The judgment of the trial court is affirmed.

Bailey, J., and Brown, J., concur.