## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2019, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lakesha L. Norington
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine A. Cornelius
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lakesha L. Norington,

*Appellant-Petitioner,*

v.

Richard Brown, Warden,

*Appellee-Respondent.*

February 21, 2019

Court of Appeals Case No.
18A-CT-2380

Appeal from the Sullivan Circuit Court

The Honorable Robert E. Hunley II, Judge

Trial Court Cause No.
77C01-1808-CT-417

**Najam, Judge.**

# Statement of the Case

Lakesha L. Norington appeals the Sullivan Circuit Court's denial of her petition for writ of habeas corpus and transfer of her case to the Marion Superior Court. Norington raises one issue for our review, namely, whether the Sullivan Circuit Court erred when it denied her petition and transferred her case based on its conclusion that her petition was actually a petition for post-conviction relief.

We affirm.

# Facts and Procedural History

On April 21, 2004, Norington pleaded guilty to one count of voluntary manslaughter, as a Class A felony, and one count of burglary, as a Class C felony, in Cause Number 49G05-0309-MR-155245 ("MR-155245"). On the same day, Norington also pleaded guilty to one count of robbery, as a Class B felony, in Cause Number 49G05-0305-FB-111827 ("FB-111827"). On May 12, the Marion Superior Court entered judgment of conviction against Norington in both cause numbers and sentenced her to consecutive sentences of forty-eight years in the Department of Correction in MR-155245 and twelve years in FB-111827. Norington was then placed in a correctional facility in Sullivan County.

On August 9, 2018, Norington, *pro se*, filed a petition for writ of habeas corpus in the Sullivan Circuit Court. In her petition, Norington asserted that her confinement was illegal because her convictions were based on evidence that police officers had obtained pursuant to an illegal search of her home in

violation of her Fourth Amendment rights. Norington also filed a memorandum in support of her petition in which she contended that she had received ineffective assistance from her trial counsel because her counsel had failed to investigate the facts of the case and to file a motion to suppress the evidence that officers had obtained pursuant to the allegedly illegal search of her home.

[5] The Sullivan Circuit Court concluded that Norington's petition for writ of habeas corpus was actually a petition for post-conviction relief and that Norington should have filed her petition in the court that had sentenced her, the Marion Superior Court. Accordingly, the Sullivan Circuit Court denied Norington's petition for writ of habeas corpus on August 21. Norington then filed a motion to correct error. The State responded and filed a motion in which it asked the Sullivan Circuit Court to transfer the case to the Marion Superior Court. The Sullivan Circuit Court granted the State's motion and transferred Norington's cause to Marion County.[1] This appeal ensued.

## Discussion and Decision

[6] Norington contends that the Sullivan Circuit Court erred when it denied her petition for writ of habeas corpus and transferred her petition to the Marion

---

[1] Norington filed a motion in which she asked this Court to take judicial notice of an order from the Marion Superior Court. Norington has asked this court to take judicial notice of that order because she contends that that order conflicts with another order issued by the same court. In a separate order, we have granted Norington's motion and have taken judicial notice of the Marion County order. However, having reviewed the Marion County order, we conclude that the order is not relevant to the instant appeal from the Sullivan Circuit Court.

Superior Court based on its conclusion that her petition was a petition for post-conviction relief. Specifically, she asserts that her petition was a petition for writ of habeas corpus because it "did not challenge or attack her conviction or sentence" but, rather, that it "challenge[d] the legality of her restraint and confinement." Appellant's Br at 5.

[7] Indiana Code Section 34-25.5-1-1 (2018) provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint. *Manley v. Butts*, 71 N.E.3d 1153, 1156 (Ind. Ct. App. 2017), *trans denied*. A petitioner is entitled to habeas corpus relief only if she is entitled to her immediate release from unlawful custody. *Martin v. State*, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009).

[8] Here, while Norington claimed in her petition that her confinement was illegal, her underlying argument was that her convictions were based on evidence that had been seized illegally and that she had received ineffective assistance from her trial counsel. Thus, contrary to Norington's assertion, the substance of her petition makes it clear that her petition was, in fact, an attack on the validity of her convictions. However, a petitioner "may not file a writ of habeas corpus to attack h[er] conviction or sentence." *Manley*, 71 N.E.3d at 1156 (citations omitted). Rather, a petitioner who attacks the validity of her conviction must file a petition for post-conviction relief. *See id*. Further, where, as here, a

petitioner files a petition for writ of habeas corpus in the county where the person is incarcerated and challenges the validity of her convictions, "that court *shall* transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for [post-conviction] relief under this Rule." Ind. Post-Conviction Rule 1(1)(c) (emphasis added).

[9] Because Norington's petition challenged the validity of her convictions, the Sullivan Circuit Court did not err when it treated her petition as a petition for post-conviction relief. And because Norington filed a petition for writ of habeas corpus in the county where she is incarcerated and challenged the validity of her convictions, the Sullivan Circuit Court was required to transfer her petition to the Marion Superior Court.[2] *See Manley*, 71 N.E.3d at 1156. Thus, we affirm the Sullivan Circuit Court.

[10] Affirmed.

Pyle, J., and Altice, J., concur.

---

[2] In the Marion County order, it is clear that the Marion Superior Court received her petition from the Sullivan Circuit Court and treated it as a petition for post-conviction relief. However, the Marion Superior Court denied her petition as an unauthorized successive petition for post-conviction relief because Norington had previously filed a petition for post-conviction relief in that court, a decision that is not before us in this appeal.