## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 22 2020, 10:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Nathan Hummel<br>Westville, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Sierra A. Murray<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathan Hummel,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | April 22, 2020<br><br>Court of Appeals Case No.<br>19A-MI-3091<br><br>Appeal from the LaPorte Circuit Court<br><br>The Honorable Thomas J. Alevizos, Judge<br><br>Trial Court Cause No.<br>46C01-1912-MI-2857 |

**Najam, Judge.**

## Statement of the Case

Nathan Hummel appeals the trial court's denial of his petition for writ of habeas corpus. Hummel presents one issue for our review, namely, whether the court erred when it denied his petition. We affirm and remand with instructions.

## Facts and Procedural History

On April 23, 2012, Hummel pleaded guilty to one count of dealing in a narcotic drug, as a Class B felony (Count 1); two counts of robbery, as Class B felonies (Counts II and III); and one count of disarming an officer, as a Class C felony (Count IV). In exchange for his guilty plea, the State agreed that Hummel would be sentenced as follows: fifteen years for Count 1, ten years for Count II, ten years for Count III, and two years for Count IV. The parties further agreed that "the sentences in Count II, Count III, and Count IV shall run concurrently." Appellant's App. Vol. II at 14 (capitalization removed). Thereafter, the Starke Circuit Court accepted Hummel's guilty plea and sentenced Hummel on each count pursuant to the terms of the plea agreement. The court then ordered that the "sentences imposed in Counts II, III, and IV shall run concurrently" and that the "sentence imposed in Amended Count I shall run consecutively to Counts II, III, and IV." *Id*. at 16. Hummel was then placed in a correctional facility in LaPorte County.

On November 6, 2019, Hummel, *pro se*, filed a petition for writ of habeas corpus in the LaPorte Circuit Court. In his petition, Hummel asserted that his

confinement was illegal because "there was no consecutive language in the plea" and that, "absent clear language to the contrary[,] the sentence for Count I should run concurrently." *Id*. at 19. In essence, Hummel asserted that his sentence "violate[d] the express terms" of his plea agreement and that he "has done the time legally expressed in his plea." *Id*. at 20. The LaPorte Circuit Court found that Hummel had stated "no claim for relief." *Id*. at 22. Accordingly, the court denied Hummel's petition. This appeal ensued.

## Discussion and Decision

[4] Hummel contends that the LaPorte Circuit Court erred when it denied his petition for writ of habeas corpus. Specifically, Hummel asserts that he is being "illegally detained" after the trial court made a "mistake of law" when it ordered his sentence on Count I to run consecutive to his sentences on the other counts because his plea agreement "is silent on the consecutive language." Appellant's Br. at 5, 6. He further asserts that, had the court ordered his sentence on Count I to run concurrent with the other counts as required by his plea agreement, his aggregate sentence would have elapsed. Accordingly, he maintains that he is entitled to an immediate release from custody.

[5] Indiana Code Section 34-25.5-1-1 (2019) provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the

cause of the restraint. *Manley v. Butts*, 71 N.E.3d 1153, 1156 (Ind. Ct. App. 2017). A petitioner is entitled to habeas corpus relief only if he is entitled to his immediate release from unlawful custody. *Martin v. State*, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009).

[6] Here, while Hummel claimed in his petition for writ of habeas corpus that his confinement was illegal, his underlying argument was that the court did not sentence him pursuant to the terms of his plea agreement. Thus, contrary to Hummel's assertion, the substance of his petition makes it clear that his petition was, in fact, an attack on the validity of his sentence. Indeed, in his brief, Hummel acknowledges that he is challenging the court's imposition of consecutive sentences. However, a petitioner "may not file a writ of habeas corpus to attack his conviction or sentence." *Manley*, 71 N.E.3d at 1156 (citations omitted). Rather, a petitioner who attacks the validity of his sentence must file a petition for post-conviction relief. *See id*. Because Hummel's petition challenged the validity of his sentence, the LaPorte Circuit Court did not err when it denied his petition for writ of habeas corpus.

[7] However, Indiana Post-Conviction Rule 1(1)(c) provides that, if a petitioner files a petition for a writ of habeas corpus in the county where the person is incarcerated and challenges the validity of his sentence, "that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for [post-conviction relief] under this Rule." Because Hummel filed a petition for writ of habeas corpus in the county where he is incarcerated and challenged the validity of his sentence, the LaPorte

Circuit Court was required to transfer his petition to the Starke Circuit Court for it to be treated as a petition for post-conviction relief. Accordingly, we affirm the LaPorte Circuit Court's denial of Hummel's petition for writ of habeas corpus, but we remand with instructions for the court to transfer Hummel's petition to the Starke Circuit Court.

[8] Affirmed and remanded with instructions.

Kirsch, J., and Brown, J., concur.